# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BILLY G. ASEMANI, #339096 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-11-869 |
| | * | |
| GARY D. MAYNARD, Secretary, DPSCS | | |
| RODERICK R. SOWERS, Warden, MCI-H | * | |
| R. DOVEY, Assistant Warden, MCI-H | | |
| | * | |
| Defendants | | |

***

## MEMORANDUM OPINION

Billy G. Asemani, an inmate at the Maryland Correctional Institution-Hagerstown (MCI-H), files this complaint for injunctive relief pursuant to 42 U.S.C. § 1983. The Court will GRANT his Motion to Proceed in Forma Pauperis and DISMISS the Complaint pursuant to 28 U.S.C. § 1915A (b) (1) for failure to state a claim upon which relief can be granted. Asemani will be assigned a "strike" pursuant to 28 U.S.C. §1915(g).

I. BACKGROUND

Asemani complains that prior to his November 18, 2010, transfer to the Maryland Correctional Institution-Hagerstown, (MCI-H), he earned ten days good time credit each month in his job assignment as a "special utility" worker at Western Correctional Institution. After he was transferred to MCI-H, Asemani was assigned to a sanitation worker job which earns him five days of good time credit each month. He claims that his transfer and concomitant job change reduced his ability to accrue credits against his term of confinement, and asserts that he has a liberty interest in receiving the same amount of credits as he had before transfer. As relief, Asemani asks for his good time credits "lost" since his transfer, placement to a comparable "preferred job" or transfer to another institution where he can be assigned to a preferred job.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A requires district courts to preliminarily screen complaints in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. A district court must dismiss a complaint or any portion that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A ; s*ee McClean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009).

Where, as here, the litigant is self-represented, the Court liberally construes the pleading, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding it to a less stringent standard than that drafted by an attorney. *See Estelle v. Gamble*, 429 U.S. 97(1976). Even under this liberal standard, however, this Complaint is subject to summary dismissal. Liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

The "three strikes" provision of the PLRA, 28 U.S.C. § 1915(g) provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. For the reasons stated herein, the Complaint fails to state a claim upon which relief may be granted, and a "strike" will be assigned under 28 U.S.C. §1915(g).

## III. DISCUSSION

Under 42 U.S.C. § 1983, a plaintiff must establish violation of a Constitutional right or federal law. *See Baker v. McCollan*, 443 U.S. 137 (1979). Prisoners have a liberty interest where good time credits are lost (thus lengthening the amount of time to be served), or where actions are

taken that unexpectedly exceed the scope of their sentence. These circumstances implicate the procedural protections of the Due Process Clause. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). It is important to note the circumstances alleged here neither involve revocation of earned credits nor adverse actions imposing atypical and significant hardship in relation to ordinary incidents of prison life that would trigger due process considerations.

Prisoners do not enjoy a constitutional right to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983).[1] Further, inmates do not have a protected liberty interest in receiving a particular classification for the purpose of potentially earning an early release, *see Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994), nor are they constitutionally entitled to a particular prison job. *See Altizer v. Paderick*, 569 F.2d 812 (4th 1978); *Adams v. James*, 784 F.2d 1077-1079 (11th Cir.1986); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980).

Asemani's complaint that his job assignment at MCI-H changed the amount of potential good time credits he may earn fails to state a cognizable federal claim. A change in prison job or earning rate of good time credits does not constitute deprivation of a constitutionally protected right. No liberty violation is implicated in Asemani's transfer, job assignment, or consequent ability to earn credits. Even when the Complaint is interpreted liberally, no constitutional provision is implicated. In sum, the Complaint fails to state a claim upon which relief may be granted.

IV. CONCLUSION

The Court will dismiss this case with prejudice and pursuant to § 1915(e)(2)(b) for failure to state a claim upon which relief may be granted. Asemani will be assigned one strike under 28

---

[1] Asemani acknowledges and understands that he enjoys no interest. Complaint, p. 4.

U.S.C. § 1915(g), and is reminded that in the event he receives three § 1915(g) strikes, he will be prevented from bringing civil actions without full prepayment of the filing fee unless he is in imminent danger of serious physical injury. A separate order follows.


April 6, 2011                           /s/
Date                                     RICHARD D. BENNETT
                                          UNITED STATES DISTRICT JUDGE